UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>KENELMA BETANCOURT-CONTRERAS, a/k/a "Kennelma Jannice Coromoto Betancourt-Contreras,"<br><br>Defendant. | CRIMINAL NO. 05-172(HL) |

# ORDER

On May 18, 2005, a grand jury of this district returned a two-count Indictment charging defendant Kenelma Betancourt-Contreras with the knowing and intentional importation and possession with intent to distribute of approximately 5.388 kilograms of a mixture or substance containing heroin, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)A), and 952(a). (Docket No. 10).[1]

On January 12, 2006, following a trial by jury, defendant was found not guilty. Judgment of Acquittal was entered accordingly.

Throughout these proceedings, defendant, deemed financially unable to retain counsel, was represented by the Office of the Federal Public Defender. However, the record of the case and the theory of defense indicate that the defendant may have been financially eligible to retain counsel. However, the defendant has not provided any concrete financial information outside the context of allegations in the pleadings. In view of this situation, the Court is required to inquire as to whether there has been any change

---

[1] On June 15, 2005, the grand jury returned a Superseding Indictment adding a third criminal forfeiture count. (Docket No. 26).

Criminal No. 05-172(HL)                                                                                           Page -2-

in the defendant's financial status such as would require reimbursement of the CJA appropriation for the costs of her defense.

<u>Financial Eligibility Pursuant to the The Criminal Justice Act</u>

The Criminal Justice Act of 1964, 18 U.S.C. § 3006A, sets out the duties of the trial court regarding the appointment of counsel. In pertinent part, the Act provides that in every case in which a person entitled to representation appears without counsel,

> the United States magistrate or the court shall advise the person that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate or the court, if satisfied <u>after appropriate inquiry</u> that the person in financially unable to obtain counsel, shall appoint counsel to represent him.

<u>United States v. Gravatt</u>, 868 F.2d 585, 588 (3rd Cir. 1989), citing 18 U.S.C. § 3006A(b) (emphasis in the original).

"The determination of eligibility for representation is a judicial function to be performed by a federal judge or United States magistrate judge after making appropriate inquiries concerning the person's financial condition." 7 <u>Guide to Judiciary Policies and Procedures</u> § 2.03 (2006). However, "[a] defendant has the burden of establishing financial eligibility for appointed counsel." <u>Gravatt</u>, <u>id.</u> (citations omitted). In our district, eligibility is determined based on the judicial officer's "appropriate inquiry" where statements by the defendant concerning his or her eligibility are made under penalty of perjury. <u>See</u>, United States District Court for the District of Puerto Rico, <u>Plan for Implementing the Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A</u>, § VIII.C. (2004) ("D.P.R. CJA Plan").

"If at any time after appointment of counsel, the judicial officer finds that the person is financially able to obtain counsel or to make partial payment for the representation, the

judicial officer may terminate the appointment of counsel or authorize payment as provided in the ... Act ... as the interests of justice may dictate." D.P.R. CJA Plan § VIII.D.

> The defendant bears the burden of proving that he is financially unable to obtain counsel. As part of this burden he has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination. The prosecution and other interested entities may present to the court information concerning the person's eligibility, but the judicial inquiry into financial eligibility shall not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine ... or other purposes not related to the appointment of counsel.

United States v. Martorano 985 F.Supp. 197 (D. Mass. 1997) (internal citations and quotations omitted).

### Evidence of Defendant's Financial Ability to pay Counsel

Defendant's initial appearance before a magistrate-judge of this Court was on May 13, 2005, after the government filed a Sealed Complaint against her. (Docket No. 2). On that same date, the magistrate-judge entered an Order Appointing the Federal Public Defender pursuant to which AFPD Héctor M. Guzmán-Silva filed a Notice of Appearance on defendant's behalf. (Docket Nos. 4, 7).

On May 24, 2005, the Court entered an Order of Detention Pending Trial finding in which the magistrate-judge found in the Statement of Reasons, among other things, that "[t]he defendant has a property and luxury vehicles in FLA." (Docket No. 15). The defendant requested a de novo hearing requesting release on bail alleging that "[s]he has a person willing to act as her custodian in that state and is willing to place her real estate which she believes has a value in excess of Two Hundred Thousand Dollars ($200,0000.00) to secure her appearance." Defendant further stated that she is an attorney and owns businesses in the State of Florida. (Docket No. 13). Thereafter, on a

Criminal No. 05-172(HL)                                                                                                    Page -4-

hearing de novo, the Court denied release pending trial finding that the defendant "has no ties in this island, is an alien, has no legal status and is a risk of flight." (Docket No. 19).

On June 24, 2005, the defendant filed a Motion to Suppress alleging, among other things, that she was opening a store and owns a home in the State of Florida, and that her approximate income from work was $2,000 to $3,000 per month. (Docket No. 31).

Moreover, the theory of the defense at trial was partly based on the argument that the defendant did not need to partake in the illegal importation of drugs for money because she was financially stable and well-off. During trial there was evidence to the effect that the defendant owns two apartments and a store back in her native country, the Republic of Venezuela, has a house in Orlando, Florida, valued at over $100,000, and owns a Nissan X-Terra Sports Utility Vehicle.[2]

Information as to Defendant's Financial Resources

In view of the above, the Court needs additional information bearing on the defendant's financial condition in order to make a determination as to whether she has funds available to pay for some or all of the costs of representation.

We note that counsel has a duty to maintain the Court abreast of this information especially where, as in this case, the theory of the defense rests upon the defendant's financial resources. The Court is well aware of the counsel's need to safeguard the defendant's rights, including the Fifth Amendment right not to self-incrimination.

---

[2] At trial, Mrs. Nélida Contreras de Betancourt, the defendant's mother, testified that the defendant owned a boat and an apartment in Caracas which she sold, had a substantial income, and was a shareholder in a company. One of defendant's sister, Nélida Betancourt, also testified that defendant was not in need of money as she owned two apartments and had a military store in Venezuela. The defendant also testified on her own behalf stating that, although domiciled in Venezuela, she has a home in Orlando, Florida, and had an import/export business selling perfume and purses from her house. Her father, a former colonel in the Venezuelan army, now a lawyer, provided testimony about the family financial resources.

Criminal No. 05-172(HL) Page -5-

However, as an officer of the Court, counsel was called to be candid with the Court and to make any financial submissions which may be incriminating or harmful to the defense *in camera*. Also as an officer of the Court, particularly when defense counsel is part of the Office of the Federal Public Defender, such as AFPD Héctor Guzmán, counsel must be vigilant of the fair and efficient administration of justice and assist the Court in providing any information to safeguard the integrity of public appropriations available towards securing the Sixth Amendment right to counsel of those unable to pay for their defense. We hold the Office of the Public Defender and its attorneys at the forefront of this quandary since their office was created in response to the Sixth Amendment's constitutional demands and their budget is borne from public funds.

WHEREFORE, all premises considered the Court orders as follows: AFPD Héctor Guzmán shall, on or before April 21, 2006, secure and file, for <u>in camera</u> inspection by the Court, a financial affidavit or CJA 23 Form from the defendant together with a motion indicating any information pertinent to defendant's financial ability to reimburse the public appropriations utilized for her defense.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of March, 2006.

                                              s/ Héctor M. Laffitte
                                              HECTOR M. LAFFITTE
                                              U.S. DISTRICT JUDGE